H. Rep. No. 1156, 98th Cong., 2d Sess. 178–79 (1984) (emphasis added).

The Court finds Congress clearly expressed its intention to permit judicial review of negative parts of affirmative determinations after publication of a final duty order, except for those final determinations excluding a company or product. Prior judicial review would be "interlocutory" and premature. Were the Court to require plaintiffs to appeal negative parts of a decision to initiate an investigation before issuance of the duty order, petitioners would have to prosecute an appeal and participate in an ongoing administrative proceeding at the same time. This is contrary to the intent of Congress.

Even before enactment of the 1984 Trade Act, Congress preferred all challenges to an administrative proceeding to be brought at one time. Under the Trade Agreements Act of 1979, which permitted some interlocutory appeals, a plaintiff was permitted to wait until the countervailing duty order to challenge negative aspects of affirmative determinations pursuant to 19 U.S.C. § 1671d (1982). *See Bethlehem Steel Corp. v. United States,* 742 F.2d 1405, 1411 (Fed. Cir. 1984). Under the 1979 Act, Congress permitted interlocutory appeals only where delay "could make an ultimate resolution of an issue in a party's favor irrelevant because of the irreversible damage suffered during the interim period." S. Rep. No. 249, 96th Cong., 1st Sess. 245 (1979). *See Bethlehem, supra.*

Plaintiffs have followed the statutory scheme. The motion is denied. So ordered.

JEANNETTE SHEET GLASS CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

CRYSTAL INTERNATIONAL CORP., AND FLACHGLAS A.G., INTERVENORS; GLAVERBEL, S.A., INTERVENOR; ERIE SCIENTIFIC CO., A DIVISION OF SYBRON CORP., AND ERIE-ELECTROVERRE, S.A., A WHOLLY-OWNED SUBSIDIARY OF SYBRON CORP., INTERVENORS

Court No. 83-5-00729

Before BERNARD NEWMAN, *Senior Judge.*

(Dated July 10, 1985)

*Ulmer, Berne, Laronge, Glickman & Curtis* (Morton L. Stone and Ronald H. Isroff, Esqs., of counsel) for intervenors.

*Stewart and Stewart* (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., and *Charles A. St. Charles, Esqs.*), Special Counsel for plaintiff.

*Michael P. Mabile,* Acting General Counsel and *Catherine R. Field, Esq.,* Office of General Counsel, United States International Trade Commission, for defendant.

BERNARD NEWMAN, *Senior Judge:* Intervenors have moved alternatively to restrain or stay the United States International Trade Commission (ITC) from taking any further action in the remand proceedings ordered by this court in its decision of March 22, 1985 (9 CIT 154, Slip Op. 85–35, 607 F. Supp. 123) pending resolution of the "reasonable indication" issue by the United States Court of Appeals for the Federal Circuit (CAFC) in appeals filed by intervenors. In essence, intervenors claim that the remand proceedings violate the stay order entered by this court on June 11, 1985.

Intervenors' present application was filed on July 9, 1985 and a hearing was scheduled for July 10, 1985. Plaintiff and defendant oppose the application. After considering the arguments presented by the parties in their memoranda and at the hearing this morning, the court denied intervenors' application and informed the parties that a brief memorandum opinion and order would immediately follow.

Pursuant to the court's decision of March 22, 1985, this action was remanded to ITC for reconsideration of its preliminary negative determinations respecting material injury and threat of material injury in conformity with the "reasonable indication" standard set forth in *Republic Steel Corp.* v. *United States,* 8 CIT 29, Slip Op. 84–84, 591 F. Supp. 640 (July 11, 1984), *reh'g. denied,* 9 CIT 100, Slip Op. 85–27 (March 11, 1985). ITC was further directed to report its new preli minary determinations to this court within thirty days after entry of the order.

On April 18, 1985, three days before its remand determinations were due, ITC filed two motions: (1) to stay the remand "pending resolution of the reasonable indication question by the U.S. Court of Appeals for the Federal Circuit;" and (2) to amend the "Inter locutory Order" in Slip Op. 85–35 entered on March 22, 1985 to include the requisite "controlling question of law" statement concerning the "reasonable indication" issue for an interlocutory appeal in accordance with 28 U.S.C. § 1292(d)(1).

On June 11, 1985, after consideration of ITC's motions and Jeannette's opposition to both motions, this court entered Jeannette's proposed order denying certification of the "reasonab le indication" issue for interlocutory review. On the same date, this court also entered ITC's proposed order granting the motion for a stay of the remand proceeding pending resolution of the "reasonable indication" issue by the CAFC or denial of permission for interlocutory review by the court. Since this court denied ITC's motion to certify the "reasonable indication" issue for an immediate appeal, the stay granted on June 11, 1985 terminated on that date, and effectively sanctioned the delay in completion of the remand which had occurred while ITC's motions were *sub judice.* Had this court not granted the stay order, ITC arguably would have been in violation of the remand order of March 22, 1985 for its failure to reach a redetermination on or before April 21, 1985. The June 11, 1985 stay

order, therefore, sanctioned the delay between April 21, 1985 and June 11, 1985 when this court decided ITC's motions for a stay and for certification of the "reasonable indication" issue for interlocutory review.

The June 11, 1985 stay order provided in pertinent part that proceedings before the court and ITC were stayed "pending resolution of the reasonable indication' issue by the U.S. Court of Appeals for the Federal Circuit *or denial of permission for interlocutory review* by that Court" (emphasis added). The second order issued on June 11, 1985 denied ITC's motion to certify the question for interlocutory review. Clearly, then the stay operated only retroactively to sanction the failure of ITC to complete the remand proceeding during the pendency of its certification motion. The stay order did not extend beyond June 11, 1985, when the certification motion was denied. Consequently, ITC had thirty days from June 11, 1985 to July 12, 1985 in which to complete the remand proceedings. ITC has properly proceeded expeditiously to complete those proceedings in accordance with the court's remand order.[1] Nonetheless all the moving parties have filed notices of appeal with this court concerning that portion of the court's decision of March 22, 1985 which remanded the case to the Commission, contending the remand order is a "final" decision. In its stay order of June 11, 1985, the court did not indicate that the stay would be in effect pending an appeal from a final decision, as misread by intervenors. Significantly, in point of fact, when the June 11, 1985 orders were entered, *none of the parties* contended that the remand order was a final decision. On the contrary, it was and is ITC's position that the remand order of March 22, 1985 is interlocutory. In any event, the mere filing of an appeal does not automatically entitle an applicant to a stay or injunctive relief pending appeal. *See, Roses, Inc. v. United States,* 4 CIT 172 (1982) (four factors for stay pending appeal). Consideration of the fundamental four factor test relevant to a stay pending appeal as enunciated in *Roses,* the belatedness of the present application, the imminence of ITC's redetermination, the Congressional mandate for expedition in antidumping cases (*See* S. Rep No. 249, 96th Cong., 1st Sess. 37 (1979), *see also id.* at 250; H. R. Rep. No. 317, 96th Cong., 1st Sess. 180 (1979)), and practicality all point to a denial of intervenors' application for a stay pending appeal.

In sum, this court did not stay further proceedings pursuant to the remand order *after* June 11, 1985, but merely provided for a stay retroactively during the pendency of ITC's motion to certify the "reasonable indication" issue for interlocutory review. Hence, the completion of the remand proceedings does not violate this court's stay order of June 11, 1985, and there is no predicate whatever for a

---

[1] An affidavit submitted by intervenors advises that ITC will make its new determination "by action jacket, and that the action jacket is now circulating among the Commissioners". This court is further informed by said affidavit "that the determination will be made on or before July 12, 1985."

temporary restraining order or stay on that basis, as requested by the intervenors.

For the foregoing reasons, intervenors' motion to restrain and enjoin ITC from taking further action in this case until the CAFC has issued its decision and ruling on their appeals is denied. Further, intervenors' alternative motion that this court continue the stay of all further action before this court and the Commission pending resolution of the "reasonable indication" issue, which has been appealed to the CAFC, is also denied.